Clerk's CC

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DEC 14 1999

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBUQUERQUE TECHNICAL-
VOCATIONAL INSTITUTE,

Plaintiff,

v.                                              Civ. No. 97-0710 RLP/WWD

GENERAL METERS CORPORATION,

Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Hatch, Allen & Shepherd, P.A.'s Motion to Release Court Registry Funds [Doc. 184]. Hatch, Allen & Shepherd, P.A. ("HAS") is former counsel to General Meters Corporation ("GMC"). The sum at issue in the Court Registry is $30,000.00. For the reasons set forth below, I find that the Motion is well-taken and shall be granted.

Briefly stated, HAS withdrew as counsel for GMC due to apparently irreconcilable differences. GMC did not pay accrued attorneys fees and expenses to HAS. HAS filed an attorney's charging lien for $30,000 on any judgment rendered in favor of GMC. GMC obtained a favorable ruling. HAS and GMC dispute whether GMC owes HAS the $30,000.

Attorney charging liens in New Mexico are governed by equitable principles, not statute. *Sowder v. Sowder*, 977 P.2d 1034, 1037 (N.M. 1999). There are four requirements for recovery under the lien: (1) a valid contract between the attorney and client; (2) there must be a fund recovered by the attorney; (3) there must be clear and unequivocal notice of the intent to assert a lien; and (4) timely assertion of the lien. *Id.* at

1037-38. Although HAS and GMC discuss all four elements, the only one in dispute is the second element: whether the "fund," *i.e.*, judgment, recovered by GMC was due in part or in whole to the efforts of HAS. "[T]he lien will attach to the proceeds of a judgment obtained by the attorney. If the attorney's work produced no fruit, then the attorney has no lien." *Sowder*, 977 P.2d at 1037 (citation omitted).

GMC asserts that HAS's failure to conduct discovery and failure to make the expert witness disclosures required by Fed.R.Civ.P. 26 indicate that the recovery obtained by GMC was due to no efforts of HAS. It is true that the parties did not undertake timely discovery through depositions and the Court refused to extend the discovery deadline. It is also true that both parties were prevented from calling expert witnesses due to untimely disclosures. Nevertheless, GMC has failed to show how it was prejudiced by the lack of pretrial depositions. HAS submitted ample record support, including the Affidavit of Stanley Hatch, Esq., that written pretrial discovery provided more than sufficient information and documentation with which to go to trial. Further, from reading the materials submitted by HAS, it is clear that the decision to not make expert witness disclosures was a tactical decision made by HAS and GMC and concurred with by GMC's Colorado counsel.

Finally, and most important, is the counterclaim. It is the Court's opinion that the counterclaim was crucial to GMC's success at trial. Documentation submitted by HAS indicates that GMC did not at first want to assert a counterclaim  Later GMC decided it did want to assert a counterclaim and HAS was successful in amending the complaint to assert the counterclaim.

All of the foregoing indicates that the fruits of the labors of HAS played a substantial part in GMC's recovery at trial and therefore HAS does have a valid charging lien.[1]

After reviewing the billings submitted by HAS, the court further finds that the time expended and the rates assessed were both reasonable and necessary. The time spent on investigation, pretrial written discovery, pretrial motions, and the preparation of trial exhibits, chronologies, and direct and cross-examinations (for the earlier trial date of September, 1998) are all within the realm of necessary work to prepare a client's case for trial. The court also notes that HAS wrote off approximately $10,000 due to the disputes with its client; thus, $30,000.00 is well within a reasonable compensation for HAS.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Strike Reply Brief or, in the Alternative, to Permit Filing of a Surreply [Doc. 192] is **denied**; and Hatch, Allen & Shepherd, P.A.'s Motion to Release Court Registry Funds [Doc. 184] is **granted**. The Clerk of the Court is therefore instructed to release the $30,000.00 at issue to an authorized representative of Hatch, Allen & Shepherd, P.A. in full and final satisfaction of Hatch, Allen & Shepherd's Claim of Lien filed in this matter.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

---

[1] In response to HAS' Reply, Plaintiff filed a Motion to Strike Reply Brief or, in the Alternative, to Permit Filing of a Surreply [Doc. 192] and Plaintiff's counsel's Affidavit [Doc. 193]. I have reviewed these materials, but nothing in them changes the conclusions stated in this opinion.

3